Alden J. Parker, State Bar No. 196808
Email: aparker@fisherphillips.com
Katherine P. Sandberg, State Bar No. 301117
Email: ksandberg@fisherphillips.com
FISHER & PHILLIPS LLP
1215 K Street, 17th Floor
Sacramento, CA 95814
Telephone (916) 440-0865
Facsimile (916) 440-0993

Attorneys for Defendants
BLACK BEAR DINER, INC.
(erroneously sued as Bearfoot, Inc.
and Strawberry Valley Food Service, Inc.
dba Black Bear Diner)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMAS O'CAMPO,<br><br>Plaintiff,<br><br>vs.<br><br>BEARFOOT, INC. dba BLACK BEAR DINER; STRAWBERRY VALLEY FOOD SERVICE, INC. dba BLACK BEAR DINER; GERTRUDE A. MERRILL, TRUSTEE of the DOUGLAS AND GERTRUDE MERRILL 1999 TRUST,<br><br>Defendants. | Case No.  2:16-cv-01768-KJM-CMK<br><br>**DEFENDANT BLACK BEAR DINER INC.'S (ERRONEOUSLY SUED AS BEARFOOT, INC. AND STRAWBERRY VALLEY FOOD SERVICE, INC. DBA BLACK BEAR DINER) ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS-CLAIM**<br><br>Action Filed: July 28, 2016 |
| BLACK BEAR DINER, INC.<br><br>Cross-Claimant,<br><br>vs.<br><br>GERTRUDE A. MERRILL, TRUSTEE OF THE DOUGLAS AND GERTRUDE MERRILL 1999 TRUST; RICHARD WALTON MERRILL AND DOUGLAS REAM MERRILL, INDIVIDUALLY AND AS SUCCESSOR CO-TRUSTEES OF THE LUCILLE F. MORGAN IRREVOCABLE LIVING TRUST NO. 4, THE HERBERT REAM MERRILL TRUST B, THE RICHARD'S TRUST, AND THE DOUGLAS' TRUST<br><br>Cross-Defendants. | |

1

Defendant BLACK BEAR DINER, INC. ("Black Bear") submits the following Answer and Affirmative Defenses to Plaintiff DIMAS O'CAMPO's ("Plaintiff") First Amended Complaint ("Complaint") as follows:

## I.   SUMMARY

1.      In response to paragraph 1 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

2.      In response to paragraph 2 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

## II.   JURISDICTION

3.      In response to paragraph 3 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

4.      In response to paragraph 4 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

5.      In response to paragraph 5 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

## III.   VENUE

6.      In response to paragraph 6 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a

response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

## IV.   PARTIES

7.    In response to paragraph 7 of the Complaint, Defendant admits that it is the successor corporation that leases the Restaurant. Defendant denies all remaining allegations.

8.    In response to paragraph 8 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of its allegations, and on that basis, denies each and every allegation contained therein.

## V.   FACTS

9.    In response to paragraph 9 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

10.    In response to paragraph 10 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of its allegations, and on that basis, denies each and every allegation contained therein.

11.    In response to paragraph 11 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied. To the extent a response is required, Defendant denies each and every allegation contained therein.

DEFENDANTS BEARFOOT, INC. DBA BLACK BEAR DINER AND STRAWBERRY VALLEY FOOD SERVICE, INC. DBA BLACK BEAR DINER'S ANSWER TO FAC AND CROSS-CLAIM

FPDOCS 32102996.1

12.    In response to paragraph 12 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.

13.    In response to paragraph 13 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.

14.    In response to paragraph 14 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.

## VI.    FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

15.    In response to paragraph 15 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 14 of this Answer.

16.    In response to paragraph 16 of the Complaint, the allegations contained in this paragraph are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

17.    In response to paragraph 17 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.

#### Failure to Remove Architectural Barriers in an Existing Facility

18.    In response to paragraph 18 of the Complaint, the allegations contained in this paragraph are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

19.     In response to paragraph 19 of the Complaint, the allegations contained in this paragraph are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

20.     In response to paragraph 20 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein

21.     In response to paragraph 21 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein

<u>Failure to Design and Construct an Accessible Facility</u>

22.     In response to paragraph 22 of the Complaint, the allegations contained in this paragraph are legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.

23.     In response to paragraph 23 of the Complaint, the allegations contained in this paragraph are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

24.     In response to paragraph 24 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.

<u>Failure to Make an Altered Facility Accessible</u>

25.     In response to paragraph 25 of the Complaint, the allegations contained in this paragraph are legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant is without knowledge or information sufficient to

form a belief as to the truth or falsity of its allegations, and on that basis, denies each and every allegation contained therein.

26.    In response to paragraph 26 of the Complaint, the allegations contained in this paragraph are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

27.    In response to paragraph 27 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.

<u>Failure to Modify Existing Policies and Procedures</u>

28.    In response to paragraph 28 of the Complaint, the allegations contained in this paragraph are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

29.    In response to paragraph 29 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.

30.    In response to paragraph 30 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein. Defendant further denies that Plaintiff is entitled to judgment in his favor or to any relief whatsoever.

31.    In response to paragraph 31 of the Complaint, Defendant denies that Plaintiff is entitled to judgment in his favor or to any relief whatsoever.

///

///

///

DEFENDANTS BEARFOOT, INC. DBA BLACK BEAR DINER AND STRAWBERRY VALLEY FOOD SERVICE, INC. DBA BLACK BEAR DINER'S ANSWER TO FAC AND CROSS-CLAIM

FPDOCS 32102996.1

# VII.   SECOND CLAIM

## Disabled Persons Act

32.     In response to paragraph 32 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 31 of this Answer.

33.     In response to paragraph 33 of the Complaint, the allegations contained in this paragraph are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

34.     In response to paragraph 34 of the Complaint, the allegations contained in this paragraph are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

35.     In response to paragraph 35 of the Complaint, the allegations contained in this paragraph are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

36.     In response to paragraph 36 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.

37.     In response to paragraph 37 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein. Defendant further denies that Plaintiff is entitled to judgment in his favor or to any relief whatsoever.

38.     In response to paragraph 38 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein. Defendant

///

FPDOCS 32102996.1

further denies that Plaintiff is entitled to judgment in his favor or to any relief whatsoever.

## VIII.   THIRD CLAIM

39.     In response to paragraph 39 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 38 of this Answer.

40.     In response to paragraph 40 of the Complaint, the allegations contained in this paragraph are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

41.     In response to paragraph 41 of the Complaint, the allegations contained in this paragraph are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

42.     In response to paragraph 42 of the Complaint, the allegations contained in this paragraph are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

43.     In response to paragraph 43 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.

44.     In response to paragraph 44 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.

45.     In response to paragraph 45 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein. Defendant further denies that Plaintiff is entitled to judgment in his favor or to any relief whatsoever.

46.     In response to paragraph 46 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein. Defendant further denies that Plaintiff is entitled to judgment in his favor or to any relief whatsoever.

## IX.     FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

47.     In response to paragraph 47 of the Complaint, Defendant incorporates their responses to paragraphs 1 through 46 of this Answer.

48.     In response to paragraph 48 of the Complaint, the allegations contained in this paragraph are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

49.     In response to paragraph 49 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant admits that portions of the Restaurant are a public accommodation. Defendant denies each and every remaining allegation contained therein.

50.     In response to paragraph 50 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein. Defendant further denies that Plaintiff is entitled to judgment in his favor or to any relief whatsoever.

51.     In response to paragraph 51 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is

required, Defendant denies each and every allegation contained therein. Defendant further denies that Plaintiff is entitled to judgment in his favor or to any relief whatsoever.

## X.   PRAYER FOR RELIEF

1-5.   With respect to the remaining paragraphs in the Complaint, Defendant alleges that such paragraphs constitute requests for relief to which no response is necessary. To the extent that a response is necessary, Defendant specifically denies that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted and denied, Defendant does not have sufficient information or belief to respond to the remaining allegations set forth in Plaintiff's request for relief and based thereon denies each and every allegation contained therein and each and every part thereof.

## AFFIRMATIVE DEFENSES

For a further answer to Plaintiff's Complaint and by way of affirmative defenses, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

1.   The Complaint as a whole, and each purported claim for relief alleged therein, fails to state facts sufficient to constitute a claim for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.   Defendant alleges Plaintiff's claims for relief for damages are barred because Defendant did not deny or interfere with Plaintiff's access to the goods and/or services provided at the subject property.

## THIRD AFFIRMATIVE DEFENSE

3.   Defendant alleges the Complaint, and each purported claim for relief alleged therein, is barred in that the incidents alleged in the Complaint were caused by the fault of other persons and entities of other parties and/or non-parties to this action, and Defendant's liability, if any, should be reduced accordingly.

///

## FOURTH AFFIRMATIVE DEFENSE

4.     Defendant alleges the Complaint, and each purported claim for relief alleged therein, is barred in that Defendant's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction, renovation, and/or remodeling.

## FIFTH AFFIRMATIVE DEFENSE

5.     Defendant alleges Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because Plaintiff is estopped by his own conduct to claim any right to damages or any relief against Defendant.

## SIXTH AFFIRMATIVE DEFENSE

6.     Defendant alleges that Plaintiff's claims for relief for damages are barred because Plaintiff failed, subsequent to the occurrences described in the Complaint, to properly mitigate his damages and thereby is precluded from recovering those damages that could have reasonably been avoided by the exercise of due care on Plaintiff's part.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Defendant alleges Plaintiff's claims for relief for damages are barred because Plaintiff voluntarily and with full knowledge of the matters referred to in the Complaint assumed any and all of the risks, hazards, and perils of the circumstances referred to in the Complaint and, therefore, assumed the risk of any injuries or damages sustained by Plaintiff, if any at all.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Defendant alleges Plaintiff's claims for damages are barred because Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for his own safety and well-being to avoid his alleged injuries and damages, if any. Plaintiff is barred from seeking an award of damages for his purported injuries, if any, or any recovery of damages must be reduced, because any such injuries and

///

damages sustained by Plaintiff were proximately caused and contributed to by the negligence of Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

9.     Defendant alleges pursuant to California Civil Code section 55, in the event Defendant prevails in this action, Defendant shall be entitled to recover reasonable attorneys' fees as and for the defense of this matter, and Defendant hereby alleges entitlement by reason thereof to attorneys' fees and reasonable costs in this action.

## TENTH AFFIRMATIVE DEFENSE

10.     Defendant alleges Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred by reason of Defendant's good-faith reliance upon the permissible, reasonable interpretations of California law by local building authorities and issuance of building permits and Certificates of Occupancy for the subject property.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Defendant alleges Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred by reason of Defendant's good-faith reliance upon the advice of architects with respect to the subject property.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Defendant alleges Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred insofar as Defendant had not made the alterations to the subject property that Plaintiff contends should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Defendant alleges Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred insofar as Defendant had not made the alterations to the subject property that Plaintiff contends should have been made, those changes

FPDOCS 32102996.1

were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Defendant alleges Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred insofar as Defendant has not made the alterations to the subject property that Plaintiff contends should have been made, those changes were not and are not required under federal or California law because such changes would fundamentally alter the nature of the goods and/or services provided by Defendant at the subject property.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Defendant alleges Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred by the applicable statutes of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff's claims fail to the extent that Plaintiff did not personally encounter any of the violations alleged within the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Defendant alleges Plaintiff's claims for relief for damages are barred to the extent Plaintiff seeks redress for physical and emotional injuries arising from preexisting physical or mental conditions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Defendant alleges the Complaint, and each purported claim for relief alleged therein, is barred in that Defendant provided Plaintiff alternative methods for access to the subject property.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    Defendant alleges the Complaint, and each purported claim for relief alleged therein, is barred because Plaintiff was not a bona fide patron of the subject property. Instead, if Plaintiff visited the subject property, he did so for purpose of instituting the instant litigation.

DEFENDANTS BEARFOOT, INC. DBA BLACK BEAR DINER AND STRAWBERRY VALLEY FOOD SERVICE, INC. DBA BLACK BEAR DINER'S ANSWER TO FAC AND CROSS-CLAIM
FPDOCS 32102996.1

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Defendant alleges Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred insofar as Defendant has not made the alterations to the subject property that Plaintiff contends should have been made, those changes were not and are not required under federal or California law because the cost and scope of such alterations are disproportionate to the cost of the overall alteration made to the subject property.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Defendant alleges Plaintiff's claims for relief are barred in that the alleged practices are not unfair, the public is not likely to be deceived by any alleged practices, and that Defendant gained no competitive advantage by such practices.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Defendant alleges Plaintiff has failed to exhaust all of his litigation prerequisites as required by section 55.3(b) of the California Civil Code, as amended.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Defendant alleges Plaintiff was not denied access on a particular occasion and is therefore not entitled to any statutory damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the within action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff takes nothing by the Complaint on file herein;

2.     That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

3.     That Defendant recover its costs of suit herein, including its reasonable attorney's fees; and

4.     That the Court award such other and further relief as it deems appropriate.

### CROSS-CLAIM FOR DAMAGES

Cross-Claimant BLACK BEAR DINER, INC. ("Cross-Claimant" or "Black Bear Diner") hereby files this Cross-Claim against Cross-Defendants GERTRUDE A. MERRILL, TRUSTEE OF THE DOUGLAS AND GERTRUDE MERRILL 1999 TRUST ("Gertrude Merrill"), RICHARD WALTON MERRILL AND DOUGLAS REAM MERRILL, INDIVIDUALLY AND AS SUCCESSOR CO-TRUSTEES OF THE LUCILLE F. MORGAN IRREVOCABLE LIVING TRUST NO. 4, THE HERBERT REAM MERRILL TRUST B, THE RICHARD'S TRUST, AND THE DOUGLAS TRUST ("Richard Merrill and Douglas Merrill"), or collectively with Gertrude Merrill ("Cross-Defendants") as follows:

### I.     PARTIES

1.     Black Bear Diner is a California Corporation doing business in the State of California.

2.     Black Bear Diner is the successor corporation to Bearfoot, Inc. and Strawberry Valley Food Services, Inc.

3.     Defendant is informed and believes that Cross-Defendants are individuals and residents of the State of California.

4.     The true names or capacities, whether individual, corporate, or otherwise, of DOES 1 to 20, inclusive, are presently unknown to Cross-Claimants, who therefore sue said cross-defendants by such fictitious names; Cross-Claimants are informed and believe and thereon allege that each of the cross-defendants designated herein as a DOE or jointly and/or solely responsible for the wrongs alleged herein.

///

## II.    JURISDICTION

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

6.     This Court has supplemental jurisdiction for claims brought under California law arising from the same nucleus of operative facts and the same transactions pursuant to 28 § U.S.C. 1367.

## III.    VENUE

7.     Venue is proper in this court pursuant to 28 U.S.C. § 1391 (b) and is founded on the fact that the real property which is the subject of this action is located in this district and Cross-Claimants' causes of action arose in this district.

## IV.    ALLEGATIONS

8.     Cross-Claimant leases the property known as Black Bear Diner, located at 401 West Lake Street in Mt. Shasta, CA 96067 (the "Property").

9.     On May 11, 1995, Cross-Claimant entered into a lease agreement with Cross-Defendants pertaining to the Property (the "Lease").

10.    Beginning on May 11, 1995, Cross-Claimant began leasing the Property from Cross-Defendants.

11.    Cross-Defendants are the owners of the Property.

12.    On July 28, 2016, Plaintiff Dimas O'Campo ("Plaintiff") brought a civil rights action against Cross-Claimant alleging discrimination at the Property in violation of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et seq. and related California statutes in the U.S. District Court for the Eastern District of California (the "Underlying Action").

13.    On August 24, 2016, Cross-Claimant issued a demand for indemnity to Cross-Defendants.

14.    To date, Cross-Defendants have refused to acknowledge their obligation to indemnify Cross-Claimant.

# FIRST CAUSE OF ACTION

## Express Indemnity

15.     Cross-Claimant repeats, re-alleges, and incorporates by reference herein, each and every allegation contained in paragraphs 1 through 13, as if fully set forth herein.

16.     If Plaintiff's allegations are found to be true and actionable, Cross-Defendants were in some way responsible for and proximately caused the events and happenings alleged in the Underlying Action, including the damages and injuries, if any, accruing to the Plaintiff, and must indemnify and hold harmless Cross-Complainant for any and all such obligations pursuant to the terms of the Lease.

17.     Cross-Complainant further alleges that if Plaintiff's allegations are found to be true and actionable, Cross-Defendants were actively and primarily engaged in the conduct referred to in the Underlying Action.

18.     If Plaintiff's allegations in the Underlying Action are found to be true and actionable, Cross-Defendants breached the terms and conditions of the Lease, and this breach of duties solely, directly and proximately contributed to the incident therein alleged, and to the injuries and damages to Plaintiff, if any.

19.     Pursuant to the express terms and conditions of the Lease, Cross-Defendant agreed that it would indemnify and hold harmless Cross-Claimant from and against any claims arising from Cross-Defendant's breach of the Lease, such as those set forth in the Underlying Action.

20.     The allegations set forth in the Underlying Action stem from, directly arise out of, and are attributable to Cross-Defendants' breach of contract at the time that Plaintiff was at the Property.

21.     By reason of the foregoing, if Cross-Defendants and DOES 1 through 20 have a contractual duty, pursuant to the express provisions in the Service Agreement, to indemnify Cross-Complainant for any recovery that might be

realized against Cross-Complainant, including attorney's fees, expert fees, and other court costs incurred during the course of Cross-Complainant's defense in the Underlying Action.

**SECOND CAUSE OF ACTION**

**Equitable Indemnity**

22.     Cross-Claimant repeats, re-alleges, and incorporates by reference herein, each and every allegation contained in paragraphs 1 through 13, as if fully set forth herein.

23.     If Plaintiff's allegations are found to be true and actionable, Cross-Defendants were in some way tortuously or otherwise responsible for and proximately caused the events and happenings alleged in the Underlying Action, including the damages and injuries, if any, accruing to the Plaintiff, and are directly responsible to indemnify Cross-Claimant and to hold Cross-Claimant harmless for any and all such obligations. Cross-Claimant further alleges that if Plaintiff's allegations are found to be true and actionable, Cross-Defendants were actively and primarily negligent and unlawful in engaging in the conduct referred to by Plaintiff in the underlying action.

24.     Cross-Claimant is incurring and has incurred attorneys' fees, court costs, investigative costs, and other costs in connection with defending the Underlying Action, the exact amount of which is unknown at this time. When the same has been ascertained, Cross-Claimant will seek leave of Court to amend this Cross-Complaint to set forth the true nature and amount of said costs and expenses.

25.     If Cross-Complainant is held liable and/or responsible to Plaintiff for any of the damages as alleged in the underlying action, which liability is specifically denied by Cross-Complainant, it will be solely due to the conduct of Cross-Defendants and as a direct and proximate result of the affirmative conduct of Cross-Defendants.

///

DEFENDANTS BEARFOOT, INC. DBA BLACK BEAR DINER AND STRAWBERRY VALLEY FOOD SERVICE, INC. DBA BLACK BEAR DINER'S ANSWER TO FAC AND CROSS-CLAIM

FPDOCS 32102996.1

26.     Therefore, Cross-Defendants, including DOES 1 through 25, have an equitable duty to fully indemnify Cross-Complainant for any recovery that the Plaintiff might realize against Cross-Complainant, including but not limited to any and all damages, judgments, attorneys' fees, and related costs and expenses, should such liability arise.

### THIRD CAUSE OF ACTION

### Equitable Contribution

27.     Cross-Complainant repeats, re-alleges, and incorporates by reference herein, each and every allegation contained in paragraphs 1 through 13, as if fully set forth herein.

28.     Cross-Complainant is not liable for any injuries, damages, or detriment incurred by Plaintiff in the Underlying Action, if any.

29.     If Plaintiff sustained any loss, injury, damage, or detriment in the underlying action, the same was directly and proximately caused and contributed by the primary, active, sole and direct responsibility and contributory negligence of the Cross-Defendants herein.

30.     If Cross-Complainant is held liable, which liability is specifically denied, Cross-Complainant should be held only partially responsible for the alleged injuries, damages and/or detriment allegedly suffered or sustained as a result of the incident herein. Such partial responsibility should be based upon the findings that Cross-Defendants were at fault and also contributorily responsible for the alleged injuries and damages. The distribution of those responsibilities among Cross-Complainant and Cross-Defendants, including DOES 1 through 20, should be apportioned on the basis of the respective percentages of fault and responsibility in contributing to the alleged damages.

31.     Cross-Defendants, including DOES 1 through 20, have a duty to contribute and indemnify Cross-Complainant for any recovery that might be realized herein, in an amount proportionate to the comparative fault and

19

responsibility of Cross-Complainant and Cross-Defendants, including DOES 1 through 20.

## FOURTH CAUSE OF ACTION

### Declaratory Relief

32.    Cross-Complainant repeat, re-allege, and incorporate by reference herein, each and every allegation contained in paragraphs 1 through 13, as if fully set forth herein.

33.    An actual controversy exists between Cross-Complainant and Cross-Defendants, whereby Cross-Complainant contends that it is entitled to indemnification for the payment of the judgment or assessment of any liability from Cross-Defendants, if any, suffered by the Plaintiff in the underlying action.

34.    Cross-Defendants deny that they are responsible for the events as alleged in the Complaint, and Cross-Defendants will further deny that Cross-Complainant is entitled to indemnity.

35.    Cross-Complainant further desires a declaration that it is entitled to contribution from Cross-Defendants, where the Court, or trier of fact may set forth a percentage or ratio of fault culpability or responsibility for the Plaintiff's damages, if an, among all parties in the Underlying Action.

36.    Such a declaration is necessary and appropriate at this time in order that Cross-Complainant may ascertain all appropriate rights and duties owed with respect to the various claims made herein and in the Underlying Action. Further, the claims of Plaintiff and the claims of Cross-Complainant arise out of the same transactions and events, and a determination of all such claims in one proceeding is both necessary and appropriate.

### V.    PRAYER FOR RELIEF

WHEREFORE, Cross-Claimant prays for judgment against Cross-Defendants, as follows:

1.    Damages according to proof at trial;

DEFENDANTS BEARFOOT, INC. DBA BLACK BEAR DINER AND STRAWBERRY VALLEY FOOD
SERVICE, INC. DBA BLACK BEAR DINER'S ANSWER TO FAC AND CROSS-CLAIM
FPDOCS 32102996.1

1
2.      Interest thereon at the maximum legal rate;

2
3.      Punitive damages;

3
4.      Attorneys' and expert fees and costs incurred herein; and

4
5.      That the Court award such other and further relief as it deems

5
appropriate.

6

7
DATE:  September 15, 2016      FISHER & PHILLIPS LLP

8

9

10
By: */s/ Alden J. Parker* _____
     Alden J. Parker
     Katherine P. Sandberg

11

12
Attorneys for Defendants

13
BLACK BEAR DINER, INC.
(erroneously sued as Bearfoot, Inc.

14
and Strawberry Valley Food Service, Inc.
dba Black Bear Diner)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS BEARFOOT, INC. DBA BLACK BEAR DINER AND STRAWBERRY VALLEY FOOD
SERVICE, INC. DBA BLACK BEAR DINER'S ANSWER TO FAC AND CROSS-CLAIM
FPDOCS 32102996.1

## PROOF OF SERVICE

I, the undersigned, am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 1215 K Street, 17th Floor, Sacramento, CA 95814.

On **September 15, 2016**, I served the foregoing document entitled **DEFENDANT BLACK BEAR DINER INC.'S (ERRONEOUSLY SUED AS BEARFOOT, INC. AND STRAWBERRY VALLEY FOOD SERVICE, INC. DBA BLACK BEAR DINER) ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS-CLAIM,** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Scottlynn J. Hubbard IV          *Attorneys for Plaintiff*
Disabled Advocacy Group, APLC          Dimas O'Campo
12 Williamsburg Lane
Chico, CA  95926

☐     **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒     **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒     **FEDERAL**  -  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed **September 15, 2016**, at Sacramento, California.

Vicki Rathke                              By:  /s/ Vicki Rathke
_____                  _____
Print Name                                              Signature

---

PROOF OF SERVICE