1 | DANA C. CHRISTIAN, Esq.
2 | licensed in California & Montana
mailing address only:
421 South Yellowstone Str.
3 | Livingston, Montana 59047
(406) 222-5812
4 | Attorney for Defendants,
Gertrude A. Merrill, Richard
5 | Walton Merrill, Douglas Ream
Merrill, individually and as trustees.
6 | (merrtrst.3)

**FILED**

NOV 1 4 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMAS O'CAMPO, ) | **Case #2:16-cv-01768-KJM-CMK** |
| ) | |
| Plaintiff, ) | **DEFENDANT GERTRUDE MERRILL'S** |
| ) | **ANSWER TO PLAINTIFF'S FIRST** |
| -vs- ) | **AMENDED COMPLAINT / / /** |
| ) | **CROSS-CLAIM OF** |
| BEARFOOT,INC. DBA BLACKBEAR ) | **GERTRUDE MERRILL,** |
| DINER; STRAWBERRY VALLEY FOOD ) | **TRUSTEE OF THE DOUGLAS AND** |
| SERVICE, INC. dba BLACKBEAR ) | **GERTRUDE MERRILL 1999 TRUST;** |
| DINER; GERTRUDE A. MERRILL, ) | **RICHARD WALTON MERRILL AND** |
| TRUSTEE of the DOUGLAS AND ) | **DOUGLAS REAM MERRILL,** |
| GERTRUDE MERRILL 1999 TRUST, ) | **INDIVIDUALLY AND AS SUCCESSOR** |
| ) | **CO-TRUSTEES OF THE LUCILLE F.** |
| Defendants. ) | **MORGAN IRREVOCABLE LIVING** |
| ) | **TRUST NO.4, THE HERBERT REAM** |
| GERTRUDE A. MERRILL, TRUSTEE ) | **MERRILL TRUST B&THE RICHARD'S** |
| OF THE DOUGLAS AND GERTRUDE ) | **TRUST, AND THE DOUGLAS' TRUST** |
| MERRILL 1999 TRUST; RICHARD ) | |
| WALTON MERRILL AND DOUGLAS REAM ) | Action Filed: 7/28/16 |
| MERRILL, INDIVIDUALLY AND AS ) | |
| SUCCESSOR CO-TRUSTEES OF THE ) | |
| LUCILLE F. MORGAN IRREVOCABLE ) | **NOTICE OF NONCOMPLIANCE** |
| LIVING RUST NO.4, THE HERBERT ) | See L.R. 133(a) & (d)(3) |
| REAM MERRILL TRUST B, THE ) | FILED IN PAPER |
| RICHARD'S TRUST, AND THE ) | United States District Court |
| DOUGLAS' TRUST, ) | Eastern District of California |
| ) | |
| Cross-Claimants ) | |
| ) | |
| -vs- ) | |
| ) | |
| BEARFOOT,INC. DBA BLACKBEAR ) | |
| DINER; STRAWBERRY VALLEY FOOD ) | |
| SERVICE, INC. dba BLACKBEAR ) | |
| DINER; GERTRUDE A. MERRILL, ) | |
| TRUSTEE of the DOUGLAS AND ) | |
| GERTRUDE MERRILL 1999 TRUST, ) | |
| AND DOES 1 to 20, INCLUSIVE, ) | |
| ) | |
| Cross-defendants. ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Co-defendant Gertrude A. Merrill, trustee of the Douglas and Gertrude Merrill 1999 Trust, does hereby submit her following Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (using Plaintiff's complaint's heading-captions and numerals) as follows:

### I. SUMMARY

1.   In response to paragraph 1 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

2.   In response to paragraph 2 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

### II. JURISDICTION

3.   In response to paragraph 3 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

4.   In response to paragraph 4 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure and on that ground are

specifically denied.

5.   In response to paragraph 5 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

### III. VENUE

6.   In response to paragraph 6 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

### IV. PARTIES

7.   In response to paragraph 7 of the Complaint, Defendant admits that Black Bear Diner is the successor corporation that leases the Restaurant.   Defendant denies all remaining allegations.

8.   In response to paragraph 8 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure.   To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of its allegations, and on that basis, denies each and every allegation contained therein.

### V. FACTS

9.   In response to paragraph 9 of the Complaint, the

allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

10. In response to paragraph 10 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure.

11. In response to paragraph 11 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied. To the extent a response is required, Defendant denies each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied. To the extent a response is required, Defendant denies each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, this and similar allegations are directed exclusively at Black Bear Diner and not directed against this answering defendant Gertrude A. Merrill. She is only the landlord and has no specific knowledge of the allegations directed solely against to her Tenant Black Bear Diner. The allegations contained in paragraph 13 constitute legal assertions, conclusions, and/or argument not warranting a

response under the Federal Rules of Civil Procedure and on that ground are specifically denied. To the extent a response is required, Defendant denies each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied. To the extent a response is required, Defendant denies each and every allegation contained therein.

## VI. FIRST CLAIM
### Americans with Disabilities Act of 1999
#### Denial of "Full and Equal" Enjoyment and Use

15. In response to paragraph 15 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 14 of this Answer.

16. In response to paragraph 16 of the Complaint, the allegations contained therein contain conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

17. In response to paragraph 17 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.

#### Failure to Remove Architectural Barriers in an Existing Facility

18. In response to paragraph 18 of the Complaint, the allegations contained therein are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied. The answering Defendant is a Landlord and not in legal control of the alleged areas of public facilities of which Plaintiff's Complaint complains about.

19. In response to paragraph 19 of the Complaint, the allegations contained therein are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

20. In response to paragraph 20 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.

### Failure to Design and Construct an Accessible Facility

22. In response to paragraph 22 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the

Federal Rules of Civil Procedure.  To the extent a response is required, Defendant denies each and every allegation contained therein.

23.  In response to paragraph 23 of the Complaint, the allegations contained therein are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

24.  In response to paragraph 24 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure.  To the extent a response is required, Defendant denies each and every allegation contained therein.

## Failure to Make an Altered Facility Accessible

25.  In response to paragraph 25 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of its allegations, and on that basis, denies each and every allegation contained therein.

26.  In response to paragraph 26 of the Complaint, the allegations contained therein are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

27.  In response to paragraph 27 of the Complaint, the

allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure.  To the extent a response is required, Defendant denies each and every allegation contained therein.

### Failure to Modify Existing Policies and Procedures

28.  In response to paragraph 28 of the Complaint, the allegations contained therein are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

29.  In response to paragraph 29 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure.  To the extent a response is required, Defendant denies each and every allegation contained therein.

30.  In response to paragraph 30 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure.  To the extent a response is required, Defendant denies each and every allegation contained therein.  Defendant further denies that Plaintiff is entitled to judgment in his favor or to any relief whatsoever.

31.  In response to paragraph 31 of the Complaint, Defendant denies that Plaintiff is entitled to judgment in his favor or to any relief whatsoever.

### VII. SECOND CLAIM

**Disabled Persons Act**

32. In response to paragraph 32 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 31 of this Answer.

33. In response to paragraph 33 of the Complaint, the allegations contained therein are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

34. In response to paragraph 34 of the Complaint, the allegations contained therein are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

35. In response to paragraph 35 of the Complaint, the allegations contained therein are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

36. In response to paragraph 36 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.

37. In response to paragraph 37 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained

therein.

38.   In  response  to  paragraph  38  of  the  Complaint,  the allegations  contained  therein  constitute  legal  assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure.   To the extent a response is required, Defendant denies each and every allegation contained therein.   Defendant further denies that Plaintiff is entitled to judgment in his favor or to any relief whatsoever.

## VIII. THIRD CLAIM

39.   In response to paragraph 39 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 38 of this Answer.

40.   In  response  to  paragraph  40  of  the  Complaint,  the allegations  contained  therein  are  conclusions  of  law  not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

41.   In  response  to  paragraph  41  of  the  Complaint,  the allegations  contained  therein  are  conclusions  of  law  not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

42.   In  response  to  paragraph  42  of  the  Complaint,  the allegations  contained  therein  are  conclusions  of  law  not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

43.   In  response  to  paragraph  43  of  the  Complaint,  the allegations  contained  therein  are  conclusions  of  law  not warranting a response under the Federal Rules of Civil Procedure.

To the extent a response is required, Defendant denies each and every allegation contained therein.

44.   In  response  to  paragraph  44  of  the  Complaint,  the allegations  contained  therein  are  conclusions  of  law  not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.

44.   In  response  to  paragraph  44  of  the  Complaint,  the allegations  contained  therein  are  conclusions  of  law  not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.

45.   In  response  to  paragraph  45  of  the  Complaint,  the allegations  contained  therein  are  conclusions  of  law  not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.  Defendant further denies that Plaintiff is entitled to judgment in his favor or to any relief whatsoever.

46.   In  response  to  paragraph  46  of  the  Complaint,  the allegations  contained  therein  are  conclusions  of  law  not warranting a response under the Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies each and every allegation contained therein.  Defendant further denies that Plaintiff is entitled to judgment in his favor or to any relief whatsoever.

## IX. FOURTH CLAIM

47.   In response to paragraph 46 of the Complaint, Defendant incorporates its responses to paragraphs 1 through 38 of this Answer.

48.   In response to paragraph 48 of the Complaint, the allegations contained therein are conclusions of law not warranting a response under the Federal Rules of Civil Procedure and on that ground are specifically denied.

49.   In response to paragraph 49 of the Complaint, the allegations contained therein constitute legal assertions, conclusions, and/or argument not warranting a response under the Federal Rules of Civil Procedure.   To the extent a response is required, Defendant admits that portions of the Restaurant are a public accommodation.   Defendant denies each and every remaining allegation contained therein.

50.   In response to paragraph 50 of the Complaint, the allegations contained therein are legal assertions and conclusions and arguments not warranting a response under the Federal Rules of Civil Procedure.   To the extent a response is required, Defendant denies each and every allegation contained therein.   Defendant further denies that Plaintiff is entitled to judgment in his favor or to any relief whatsoever.

51.   In response to paragraph 51 of the Complaint, the allegations contained therein are legal assertions and conclusions and arguments not warranting a response under the Federal Rules of Civil Procedure.   To the extent a response is required, Defendant denies each and every allegation contained therein.   Defendant further denies that Plaintiff is entitled to judgment in his favor

or to any relief whatsoever.

1-5. With respect to the remaining paragraphs in the Complaint, Defendant alleges that such paragraphs constitute requests for relief to which no response is necessary.  To the extent that a response is necessary, Defendant specifically denies that Plaintiff is entitled to any relief whatsoever.  Except as expressly admitted and denied, Defendant does not have sufficient information or belief to respond to the remaining allegations set forth in Plaintiff's request for relief and based thereon denies each and every allegation contained therein and each and every part thereof.

## AFFIRMATIVE DEFENSES

For a further answer to Plaintiff's Complaint and by way of affirmative defenses, Defendant alleges as follows:

**1st Defense:**  The Complaint as a whole, and each purported claim for relief alleged therein, fails to state facts sufficient to constitute a claim for relief against Defendant.

**2nd Defense:**  Defendant alleges Plaintiff's claims for relief for relief are barred because Defendant did not deny or interfere with Plaintiff's access to the goods and/or services provided at the subject property.

**3rd Defense:** Defendant alleges the Complaint, and each purported claim for relief alleged therein, is barred in that the incidents alleged in the Complaint were caused by the fault of other persons and entities of other parties and/or non-parties to this action, and Defendant's liability, if any, should be reduced accordingly.

**4th Defense:**  Defendant alleges the Complaint, and each purported

claim for relief alleged therein, is barred in that Defendant's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction, renovation, and/or remodeling.

**5th Defense:** Defendant alleges Plaintiff's Complaint, and each purported claim for relief alleged therein, is barred because Plaintiff is estopped by his own conduct to claim any right to damages or any relief against Defendant.

**6th Defense:** Defendant alleges that Plaintiff's claims for relief for damages are barred because Plaintiff failed, subsequent to the occurrences described in the Complaint, to properly mitigate his damages and thereby is precluded from recovering those damages that could have reasonably been avoided by the exercise of due care on Plaintiff's part.

**7th Defense:** Defendant alleges that Plaintiff's claims for relief for damages are barred because Plaintiff voluntarily and with full knowledge of the matters referred to in the Complaint assumed any and all of the risks, hazards, and perils of the circumstances referred to in the Complaint and, therefore, assumed the rise of any injuries or damages sustained by Plaintiff, if any at all.

**8th Defense:** Defendant alleges that Plaintiff's claims for relief for damages are barred because Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for his own safety and well-being to avoid his alleged injuries and damages, if any. Plaintiff is barred from seeking an award of damages for his purported injuries, if any, or any recovery of damages must be reduced, because any such injuries and damages sustained by

1   Plaintiff were proximately caused and contributed to by the
2   negligence of Plaintiff.

3   **9th Defense:** Defendant alleges pursuant to California Civil Code
4   section 55, in the event Defendant prevails in this action,
5   Defendant shall be entitled to recover reasonable attorneys' fees
6   as and for the defense of this matter, and Defendant hereby
7   alleges entitlement by reason thereof to attorneys' fees and
8   reasonable costs in this action.

9   **10th Defense:** Defendant alleges that Plaintiff's claims for relief
10  are barred by reason of Defendant's good-faith reliance upon the
11  permissible, reasonable interpretations of California law by local
12  building authorities and issuance of building permits and
13  Certificates of Occupancy for the subject property.

14  **11th Defense:** Defendant alleges that Plaintiff's claims for relief
15  are barred by reason of Defendant's good-faith reliance on the
16  advice of architects with respect to the subject property.

17  **12th Defense:** Defendant alleges that Plaintiff's claims for relief
18  are barred insofar as Defendant had not made the alterations to
19  the subject property that Plaintiff contends should have been
20  made, those changes were not and are not required under federal or
21  California law, and any requirements to make those changes would
22  impose an undue burden upon Defendant.

23  **13th Defense:** Plaintiffs claims fail to state a claim for which
24  relief can be granted in that at p.4 Plaintiff's complaint
25  inconsistently alleges he was barred sink access due to the
26  restroom sink being too low, but complains for damages citing the
27  condition of the alleged hot unwrapped pipes below said sink

28

(which pipes he claims he inconsistently couldn't access).

**14th Defense:** Defendant alleges that Plaintiff's claims for relief are barred insofar as Defendant had not made the alterations to the subject property that Plaintiff contends should have been made, those changes were not and are not required under federal or California law, because such changes would fundamentally alter the nature of the goods and/or services provided by Defendant at the subject property.

**15th Defense:** Defendant alleges that Plaintiff's claims for relief are barred by the applicable statutes of limitations.

**16th Defense:** Plaintiff's claims fail to the extent that Plaintiff did not personally encounter any of the violations alleged within the Complaint.

**17th Defense:** Defendant alleges that Plaintiff's claims for relief for damages are barred to the extent Plaintiff seeks redress for physical and emotional injuries arising from preexisting physical or mental conditions.

**18th Defense:** Defendant alleges that Plaintiff's claims for relief for damages are barred in that Defendant provided Plaintiff alternative methods for access to the subject property.

**19th Defense:** Defendant alleges that Plaintiff's claims for relief are barred because Plaintiff was not a bona fide patron of the subject property.  Instead Dimas O'Campo is a professional plaintiff with a vendetta who visited the subject property, not to partake of the services offered, but with the specific intent to institute the instant litigation.  One indicia of said intent is the fact that Plaintiff never inquired of the management of the

defendant diner about resolving these complained of problems informally before instituting litigation.

**20th Defense:** Defendant alleges that Plaintiff's claims for relief are barred insofar as Defendant had not made the alterations to the subject property that Plaintiff contends should have been made, those changes were not and are not required under federal or California law, because the cost and scope of such alterations are disproportionate to the cost of the overall alteration made to the subject property.

**21st Defense:** Defendant alleges that Plaintiff's claims for relief are barred in that the alleged practices are not unfair, the public is not likely to be deceived by any alleged practices, and that Defendant gained no competitive advantage by such practices.

**22nd Defense:** Defendant alleges Plaintiff has failed to exhaust all of his litigation prerequisites as required by California Civil Code section 55.3(b) as amended.

**23rd Defense:** Defendant alleges Plaintiff was not denied access on a particular occasion and is therefore not entitled to any statutory damages.

**24th Defense:** Plaintiff failed to attempt informal resolution and removal of barriers and reasonable accommodations prior to filing suit.

**25th Defense:** Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the within action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by the Complaint on file herein;

2. That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

3. That Defendant recover her attorneys fees, expert fees and costs incurred herein.

4. That Defendant recover such other and further relief as the Court may deem just and proper.

** ** ** ** ** ** ** ** ** **

## CROSS-CLAIM FOR INDEMNITY, DAMAGES AND DECLARATORY RELIEF

1.    Cross-Claimants Gertrude A. Merrill, Richard, trustee of the douglas and Gertrude Merrill 1999 Trust; Richard Walton Merrill and Douglas Ream Merrill, individually and as successor co-trustees of the Lucille F. Morgan Irrevocable Living Trust No. 4, the Herbert Ream Merrill Trust B, the Richard's Trust, and the Douglas' Trust (collectively referred to as "Landlord" or "the Morgan-Merrill Trusts") do cross claim against Bearfoot, Inc. dba Black Bear Diner; Strawberry Valley Food Service, Inc. dba Black Bear Diner (collectively referred to as "Tenant" or "Black Bear Diner") as follows:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2.    Cross-Claimants are individuals and residents of the State of California.

3.    Upon information and belief, Cross-Claimants allege that Cross-Defendants are and at all times herein mentioned were corporations and/or dba businesses authorized to do business

within the State of California, and were doing such business within the venue of this Eastern District Court.

4.   The true names and capacities of the defendants DOES One through twenty, inclusive, are unknown to Cross-Claimants who therefore sue Cross-Defendants by such fictitious names. Cross-Claimants will seek leave of court to amend this complaint to insert the true names and capacities of the fictitious named defendants when the same have been ascertained.

5.   Cross-Claimants are informed and believe and thereon allege that each named, and fictitiously named, defendants is responsible in some manner of the occurrences herein alleged, and that Cross-Claimants' damages herein alleged were proximately caused by their conduct.

6.   This Court has subject matter and supplemental jurisdiction because Plaintiff's initial action sounds in federal law the Americans With Disabilities Act (hereafter the "ADA") and because the cross-claims herein arise out of the same underlying initially plead facts.

7.   Since 5/11/1995 Cross-Defendants-Tenant has been leasing from Cross-Claimants-Landlord that property, which forms the basis of Plaintiff's complaint herein, within Mt. Shasta, California.

8.   Cross-Claimants are owners of the subject property.

9.   On or about 7/28/16, Plaintiff herein brought suit against certain of these Cross-Claimants and all of said Cross-Defendant Tenants herein. Amended suit was only brought against Cross-Claimant herein Gertrude A. Merrill, Trustee.

10.  Plaintiff's suit alleges against both Cross-Claimants and

Cross-Defendants violations of the ADA and related California statutes and was brought within this U.S. District Court for the Eastern District of California ("the Underlying Action".

11.   In telephone conversations between lawyers for Landlord and Tenants, Tenants have failed and refused to indemnify Landlord, instead choosing to sue to compel Landlord to indemnify Tenant citing no supporting written basis.

### FIRST CAUSE OF ACTION

### Express Indemnity

12.   The 46 page Lease, signed 5/11/1995 between Landlord and Tenant, ("the Lease") at page 18 rests the burden of all architectural modifications to all demised areas, structures, and parking lots squarely upon Tenant, stating: "Tenant shall comply with and conform to all laws and regulations, municipal, state and federal, and any and all requirements and orders of any municipal, state or federal board or authority, present or future, in any way relating to the condition, use of occupancy of the Premises throughout the entire term of this Lease." Page 19, par. 7.1 of Lease states that "Tenant, at his cost, shall maintain in good condition, all portions of the premises...".

13.   Thus, the obligation to make the subject premises comply with and conform to the ADA (American With Disabilities Act), as between Tenant and Landlord, falls to Tenant alone.

14.   If Plaintiff's allegations are found to be true and actionable, Tenant were in some way responsible for and proximately caused the events and happenings alleged in the Underlying Action, including the damages and injuries, if any,

accruing to Plaintiff, and must make full indemnity to, and hold harmless, Landlord for any loss Landlord may suffer to Plaintiff herein as a result of Plaintiff's suit herein.

15.   If Plaintiff's allegations are found true and actionable, Tenant alone was actively and primarily engaged in the offensive conduct referred to in the Underlying Action.

16.   If Plaintiff's allegations are found true and actionable, Tenant breached the terms and conditions of the Lease, and said breach of duties solely, directly and proximately contributed to the incident complained of by Plaintiff and Plaintiff's injuries, if any.

17.   Contrary to the false allegations in Tenant's "Express Indemnity" cause of action at page 17 of its Answer and Cross-Claim served herein, the true facts are that the Lease at page 23, par.11.1, expressly states: "Tenant agrees to indemnify Landlord and hold the Landlord harmless from any claims from damages no matter how caused, except by the active negligence of Landlord." Landlord maintains no activity of its own upon the demised premises, thus cannot lawfully engage in any "active negligence" thereupon.  Tenant's Cross-Claim fails to allege the Landlord has engaged in any "active negligence" upon the demised premises.

18.   On the demised premises subject of Plaintiff's First Amended Complaint, there are no common areas with any other tenant.  Tenant Black Bear Diner is the sole tenant and maintains exclusive dominion and control over the entirety of the premises and all fixtures and appurtenances subject to Plaintiff's complaint.  On said subject premises, there is no area of which

Landlord Morgan-Merrill Trusts hold exclusive control.

19.   The 46 page parties' Lease at pages 24 states that Tenant is to carry "Broad form, comprehensive, public liability insurance with limits of at least $1,000,000 for occurrence" for any loss "arising out of the maintenance, use or occupancy" of the demised property.   Page 25 requires that Landlord shall be named as additional insured on all policies and that landlord shall "be entitled to recover under said policies for any loss, injury or damage to Landlord by reason of the negligence of the Tenant."

20.   Landlord does not seek to contract away his liability, if any under the ADA, however, upon the above express written terms as between Tenant and Landlord, it is Tenant who owes full indemnity to Landlord for any loss Landlord may suffer to Plaintiff herein, not the other way around as pled in Tenant's false Cross-Claim.

21.   By reason of the foregoing, Tenant and DOES 1 through 20 have a contractual duty, pursuant to the express provisions of the Lease to indemnify Landlord for any recovery that might be realized against Landlord by Plaintiff, which may include attorney's fees, expert witness fees, and other costs, fees and expenses incurred during the course of Landlord's defense in the Underlying Action.

## SECOND CAUSE OF ACTION
### Equitable Indemnity

22.   Cross-Claimants reallege and incorporate herein by this reference the allegations named in paragraphs 1 through 21 above as though said paragraphs were set forth in full hereat.

23.   If Plaintiff's allegations are found to be true and actionable, Tenants were in some way tortuously or otherwise responsible for and proximately caused the events and happenings alleged in the Underlying Action, including the damages and injuries, if any, accruing to the Plaintiff, and are directly responsible to indemnify Landlord and to hold Landlord harmless for any and all such obligations Landlord further alleges that if Plaintiff's allegations are found to be true and actionable, Tenants were actively and primarily negligent and unlawful in engaging in the conduct referred to in Plaintiff's underlying action.

24.   Landlord is incurring and has incurred attorneys fees, court costs, investigative costs, and other costs in connection with defending the Underlying Action, the exact amount of which is unknown at this time.   When the same has been ascertained, Landlord will seek leave of Court to amend this Cross-Complaint to set forth the true nature and amount of said costs and expenses.

25.   If Landlord is held liable and/or responsible to Plaintiff for any of the damages as alleged in the Underlying Action, which liability is specifically denied by Landlord, it will be solely due to the conduct of Tenants and as a direct and proximate result of the affirmative conduct of Tenants.

26.   Therefore, Tenants, including DOES 1 through 20, have an equitable duty to fully indemnify Landlord for any recovery that the Plaintiff might realize against Landlord, including but not limited to any and all damages, judgments, attorneys fees, and related costs and expenses, should such liability arise.

### THIRD CAUSE OF ACTION

### Equitable Contribution

27.   Cross-Claimants-Landlord reallege and incorporate herein by this reference the allegations named in paragraphs 1 through 13 above as though said paragraphs were set forth in full hereat.

28.   Landlord is not liable for any injuries,damages, or detriment incurred by Plaintiff in the Underlying Action, if any.

29.   If Plaintiff sustained any loss, injury, damage, or detriment in the Underlying Action, the same was directly and proximately caused and contributed by the primary, active, sole and direct responsibility and contributory negligence of Tenants herein.

30.   If Landlord is held liable, which liability is specifically denied, Landlord should be held only partially responsible for the alleged injured, damages and/or detriment allegedly suffered or sustained as a result of the incident herein.   Such partial responsibility should be based upon the findings that Tenants were at fault and also contributorily responsible for the alleged injuries and damages.   The distribution of those responsibilities among Landlord and Tenant,including DOES 1 through 20, should be apportioned on the basis of the respective percentages of fault and responsibility in contributing to the alleged damages.

31.   Tenants, including DOES 1 through 20, have a duty to contribute and indemnify Landlord for any recovery that might be realized herein, in an amount proportionate to the comparative fault and responsibility of Landlord and Tenant, including DOES 1 through 20.

## FOURTH CAUSE OF ACTION

### Declaratory Relief

32.   Cross-Claimants-Landlord reallege and incorporate herein by this reference the allegations named in paragraphs 1 through 13 above as though said paragraphs were set forth in full hereat.

33.   An actual controversy exists between Landlord and Tenant, whereby Landlord contends that it is entitled to indemnification for the payment of the judgment or assessment of any liability from Tenant, if any, suffered by the Plaintiff in the Underlying Action.

34.   Tenants deny that they are responsible for the events as alleged in Plaintiff's complaint, and Tenants will further deny that Landlord is entitled to indemnity.   Thus the indemnification matter presents a ripe controversy necessary for resolution if this Court is to administer complete adjudication of the issues.

35.   Landlord further desires a declaration that it is entitled to contribution from Tenant, where the Court, or trier of fact may set forth a percentage or ratio of fault culpability or responsibility for the Plaintiff's damages, if any, among all parties in the Underlying Action.

36.   Such a declaration is necessary and appropriate at this time in order that Landlord may ascertain all appropriate rights and duties owed with respect to the various claims made herein and in the Underlying Action.   Further, the claims of Plaintiff and of Landlord arise out of the same transactions and events, and a determination of all such claims in one proceeding is both necessary and appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Cross-Claimant-Landlord prays judgment against Cross-Defendant Tenants, and each of them, as follows:

1.   For damages according to proof;

2.   For interest thereon at the maximum legal rate;

3.   For punitive damages;

4.   For attorneys fees, expert fees and costs incurred herein authorized express provisions of the Lease contract between the parties and on other grounds;

5.   For such other and further relief as the Court may deem just and proper.

**\*\*\*   The above pleading Defendant and Cross-Claimants do not consent to electronic service, as their attorney Dana C. Christian has, in writing to the Court Clerk's Office, opted out of the electronic service protocol. He will be serving the above papers by U.S. Mail and should like to receive service only via U.S. Mail. \*\*\*   thank you,**

Dated:  11/10/16

Dana C. Christian,
Attorney for Defendants,
Gertrude A. Merrill, Richard
Walton Merrill, Douglas Ream
Merrill, individually and
as trustees.

# DECLARATION OF PROOF OF SERVICE BY MAIL

**O'Campo v. Bearfoot, et.al. Eastern District Court**
**Case Number 2:16-cv-01768-KJM-CMK**

I am employed in Park County, State of Montana. I am over the age of 18 and not a party to the within action; my mailing address is 421 So. Yellowstone Str. Livingston, Montana 59047.

On 11/10/16, I served the following documents:

**DEFENDANT GERTRUDE MERRIL1'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; CROSS-CLAIM OF GERTRUDE MERRILL, TRUSTEE OF THE DOUGLAS AND GERTRUDE MERRILL 1999 TRUST; RICHARD WALTON MERRILL AND DOUGLAS REAM MERRILL, INDIVIDUALLY AND AS SUCCESSOR CO-TRUSTEES OF THE LUCILLE F. MORGAN IRREVOCABLE LIVING TRUST NO.4, THE HERBERT REAM MERRILL TRUST B&THE RICHARD'S TRUST, AND THE DOUGLAS' TRUST**

by mailing a true copy thereof, in a sealed envelope with U.S. Mail postage thereon fully prepaid, addressed as follows:

Scottlynn J. Hubbard IV, Esq.
Disabled Advocacy Group, APLC
12 Williamsburg Lane
Chico, California 95926

Alden J. Parker, Esq.
Fisher & Phillips, LLP
1215 K Street, 17th floor
Sacramento, California 95814

and original mailed out for filing to:

U.S. District Court
Office of the Clerk
501 I Street room 4-200
Sacramento, California 95814

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration is executed on 11/10/16 at Livingston, Montana.

DANA C. CHRISTIAN, Esq.

(merrtrat.3)